# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

VICTOR POLITANO, JR.,
DONNA KAY POLITANO,
INSURANCE MANAGEMENT
(BAHAMAS) LTD.,

                     **Plaintiffs,**

-vs-                                        **Case No.  6:07-cv-958-Orl-18DAB**

C. NICHOLAS OTT,
TEAM KEVLACAT, INC.,

                     **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST TEAM KEVLACAT, INC. BY PLAINTIFFS (Doc. No. 42)** |
| **FILED:** | **July 18, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** without prejudice.

      The case presents in an unusual posture.  The docket shows that a nine count Complaint was filed against Defendants, a corporation (herein "TK") and an individual (herein "Ott") (Doc. No. 1). All but two of the counts (Count II against Ott; Count VIII against TK) are pled against both Defendants, jointly and severally.  Although both Defendants answered through counsel (Doc. No. 30), original counsel withdrew from the representation (Doc. Nos. 36, 37) and the District Court

issued an Order to Show Cause (Doc. No. 38) directing TK to obtain counsel or face sanctions, including default.[1]  TK did not respond to the Order and counsel did not appear, so Plaintiffs moved for entry of a Clerk's default, and the Clerk complied (Doc. Nos. 39, 40).  Ott, but not TK, retained counsel shortly thereafter (Doc. No. 41).  The instant motion followed, seeking entry of a judgment against TK.  For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied, without prejudice** to renewal, if appropriate, upon conclusion of the case against Ott.

### ISSUES AND ANALYSIS

Generally, of course, if liability is well-pled in the complaint, it is established by the entry of a default.  *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  The general rule, however, is not without exception.  Thus, as here, in cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants.  *Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 21 L.Ed.60 (1872).  Moreover, if the plaintiff prevails on liability against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.  *Frow*, 15 Wall. at 554, holding:

> [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike– the defaulter as well as the others.  If it be decided in the complainant's favor, he will then be entitled to a final decree against all.  But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

15 Wall. at 554.

---

[1]Local Rule 2.03(d) allows corporations to appear only through counsel.

This prohibition against logically inconsistent judgments does not apply only to cases where liability is deemed to be joint.  In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.,* 740 F.2d 1499, 1512 (11th Cir. 1984) (*citing* C. Wright & A. Miller, *Federal Practice and Procedure,* § 2690, 6 Moore, *Federal Practice,* ¶ 55.06, and reasoning that it would be inconsistent for the plaintiff to collect a judgment against the defaulting defendant on a contract when a jury, in a suit against another defendant under the same contract, had found that the plaintiff itself had breached that contract).  This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments.  *See Centimark Corp. v. A to Z Coating & Sons, Inc.,* 2007 WL 4557247 (M.D. Fla. 2007), *affirmed,* 2008 WL 2909299 (11th Cir. July 30, 2008) (unpublished); *Temporary Services Insurance Ltd. v. O'Donnell,* 2008 WL 2730997, 1 (M.D. Fla. 2008) (slip opinion – declining to enter default judgment against some defendants where other claims remained against other defendants, noting:  "the risk of inconsistent judgments").

Here, in all but two counts, the defendants are alleged to be jointly liable, thus making entry of judgment against one co-defendant to be inappropriate as to these counts, at this time.  As for Count VIII, the count solely against TK, Plaintiffs allege that TK engaged in false and misleading advertising under Florida law, specifically asserting that TK's "advertisements and promotions promised a quality and character or commercial dive boat they could not deliver." (Doc. No. 1 at ¶100).  At issue, therefore, is the quality (or lack thereof) of the dive boat; the same issue that is also being asserted, under the guise of numerous tort and contract theories, against the non-defaulting Ott. In this circumstance, the Court finds the parties to be similarly situated, such that *Frow* should apply.

Even if *Frow* did not apply, entry of judgment with respect to Count VIII is not warranted on this record. The Affidavits and argument offered by Plaintiffs are conclusory in the extreme and make no attempt to separate the causes of action and damages due.[2]  Absent adequate proof, entry of judgment is inappropriate.

It is therefore **respectfully recommended** that the motion be **denied at this time, without prejudice** to renewal, if appropriate, once the merits of the case against Ott are decided.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on August 6, 2008.

*David A. Baker*
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

[2]Attorney's fees, for example, are claimed for prosecution of the entire suit against *both* Defendants, even though not all of the causes of action allow for an award of fees, and there is no basis asserted for imposing the cost of prosecuting the action against Ott on his co-defendant.